UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Civil Action No. 15-11794
                                      Honorable David M. Lawson
                                      Magistrate Judge David R. Grand

v.

NORMAN L. WILSON,

        Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT THE GOVERMENT'S MOTION FOR SUMMARY JUDGMENT [9]

**I.    RECOMMENDATION**

The United States of America (the "government") commenced this action against defendant Norman Wilson ("Wilson") after he allegedly defaulted on a federally guaranteed student loan. [1]. Before the Court is the government's motion for summary judgment, to which Wilson filed a response [9, 13]. The government did not file a reply. The motion was referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and the Court held a hearing on May 24, 2016. Counsel for the government appeared at the hearing, but Wilson did not. [8]. For the following reasons, the Court RECOMMENDS that the government's motion [9] be GRANTED.

**II.    REPORT**

    **A.    Background**

On March 10, 1988, Wilson executed a promissory note to secure a student loan from First American Savings, Inc. ("First American"). [9, Ex A. at Pg IDs 34-35]. The loan was disbursed for $2,625 at 8 percent annual interest. [Ex. B. at Pg ID 36]. The loan was guaranteed

by the Higher Education Assistance Foundation ("HEAF"), and insured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.* (34 C.F.R. § 682.100). [9, Ex A. at Pg IDs 34-35; Ex. B. at Pg ID 36]. Wilson defaulted on the obligation on June 1, 1989. [9, Ex. B at Pg ID 36]. HEAF paid the claim, and was unable to collect the amount owed. HEAF then assigned its right and title to the loan to the government. [*Id.*]. As of May 19, 2015, the government calculates that Wilson owed $6,751.01 on the outstanding debt. [9 at Pg ID 28].

In its motion for summary judgment, the government argues that Wilson has not made any payments towards the outstanding balance. Appended to the motion are copies of the signed promissory note, the certificate of indebtedness dated December 17, 1997, and the sworn affidavit of a Department of Education loan analyst authenticating the certificate of indebtedness as a legitimate business record. [9, Exs. A-C].

### B. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (internal quotations omitted).

**C.     Analysis**

To recover on a promissory note, the government must initially make a prima facie showing that "(1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009) (citing *United States v. Lawrence,* 276 F.3d 193, 197 (5th Cir. 2001)). The government may establish "a prima facie case that it is entitled to collect on a promissory note [by introducing] the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst." *Guillermety v. Sec'y of Educ.*, 341 F. Supp. 2d 682, 688 (E.D. Mich. 2003) (citing *U.S. v. Davis*, 28 F. App'x 502, 503 (6th Cir. 2002)); *see also Petroff-Kline*, 557 F.3d at 290. Once the government establishes its prima facie case, "defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation." *Petroff-Kline*, 557 F.3d at 290.

Here, the government established its prima facie case by providing copies of: (1) the promissory note signed by Wilson; and (2) the certificate of indebtedness, signed under penalty of perjury by a loan analyst, showing that Wilson defaulted on the debt. The burden, therefore, shifts to Wilson to demonstrate the "nonexistence, extinguishment or variance in payment" of the debt. *Petroff-Kline*, 557 F.3d at 290.

To rebut the government's prima facie case Wilson had to "produce specific and concrete evidence of the nonexistence, payment, discharge, or deferment of the debt." *U.S. v. Johnson*, No. 02-75044, 2005 WL 1355097, at *3 (E.D. Mich. May 4, 2005) (citing *U.S. v. Durbin*, 64 F. Supp. 2d 635, 636 (S.D. Tex. 1999)). He failed to meet this burden.

In response to the government's motion, Wilson submitted the following statement:

> 1. Defendant admits that he has unpaid student loan debt from 1997.
>
> 2. Defendant contacted plaintiff's attorney's office on November 5, 2015 seeking to settle and make arrangements to repay an agreed upon total settlement amount of the unpaid student loan debt.
>
> 3. Upon speaking with plaintiff's attorney's office on November 5, 2015, defendant agreed to the following, <u>as he understands the settlement terms to be</u>:
>
>> a. repayment of the settlement of $5,400.00 (which includes $400.00 for court costs). $5,4000 [*sic*] to be repaid at $65.00 per month with interest accruing at a rate of .31% per month to being upon receipt of the first payment by plaintiff's counsel. Defendant intends to make the first payment by November 9, 2015.

(Emphasis in original).[1]   In view of the foregoing, Wilson not only fails to show the

---

[1] Contrary to Wilson's representations, the parties never reached a formal settlement. For weeks prior setting the matter for hearing, the Court attempted to convene a teleconference with the parties to facilitate the consummation of their settlement discussions, but to no avail. With the exception of one brief conversation where Wilson indicated that he would no longer participate in any settlement negotiations with the government or communicate with the Court, the Court could not reach Wilson. Nevertheless, because Wilson represented that he had reached a settlement with the government, the Court scheduled a hearing, and advised Wilson in the Notice

nonexistence, payment, or discharge of the debt, but he acknowledges that he executed the promissory note and that he has not repaid the outstanding debt. In addition, Wilson fails to show that the government miscalculated the outstanding balance on the debt. *See United States v. Frederick*, No. 10-13405, 2011 WL 2606357, at *2 (E.D. Mich. Jul. 1, 2011) (holding that defendant did "not provide any evidence to support his assertion or otherwise show how the interest was improperly calculated."). As a result, Wilson has not rebutted the government's prima facie case and it is entitled to summary judgment.

Accordingly, the Court recommends that the government be awarded $6,751.01 plus pre-judgment interest from the date of the filing of the complaint, $400.00 in court costs, *see* 34 C.F.R. § 682.410(b)(2), and post-judgment interest in accordance with 28 U.S.C. § 1961(a).[2]

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the government's motion for summary judgment **[9]** be **GRANTED**.

Dated: May 31, 2016  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

---

of Hearing that he was to "submit evidence, if any, pertaining to the terms of a purported settlement between the parties and evidence, if any, that he tendered loan payments pursuant thereto." [14]. As noted above, however, Wilson did not appear at the hearing, and did not provide the Court with any of the requested evidence. At the hearing, the government's counsel represented that while Wilson had been offered settlement terms, he had refused to sign the paperwork required to memorialize the agreement (and his binding assent thereto). In light of this, the Court indicated that it would withhold issuing its recommendation in this matter until today's date to give Wilson one last opportunity to consummate a settlement with the government. The Court has heard nothing further from the parties in this regard.

[2] 28 U.S.C. § 1961(a) provides that post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

                                                           s/Eddrey O. Butts
                                                           EDDREY O. BUTTS
                                                           Case Manager

Dated: May 31, 2016